ROBERT J. ERCHAK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Erchak v. Commissioner
Docket No. 379-89
United States Tax Court
T.C. Memo 1990-134; 1990 Tax Ct. Memo LEXIS 134; 59 T.C.M. (CCH) 106; T.C.M. (RIA) 90134; March 14, 1990
*134 Held: Respondent's motion for summary judgment will be granted with respect to the section 6654 addition to tax for 1983. Robert J. Erchak, pro se. Robert E. Williams, Jr., for the *135 respondent. WHITAKER
*239 SUPPLEMENTAL MEMORANDUM OPINION WHITAKER, Judge: This case is before us on respondent's motion for summary judgment. On January 2, 1990, the Court filed a , in which we held that said motion would be granted in part. The sole remaining issue is whether respondent is entitled to summary adjudication in his favor with respect to the section 6654 [1] addition to tax for 1983. In our prior opinion, which we incorporate herein by this reference, we reserved our decision on that issue. Section 6654 provides an addition to tax for the underpayment of estimated tax, which is mandatory absent a showing by petitioner that one of several statutorily provided exceptions applies. . Under section 6654(h), [2] no addition to tax is imposed under section 6654(a) if: (1) the taxpayer's preceding taxable *136 year was a taxable year of 12 months; (2) the taxpayer did not have any tax liability for the preceding taxable year; and (3) the taxpayer was a citizen or resident of the United States throughout the preceding taxable year. Petitioner alleged in his petition that he satisfied this exception. However, it was not apparent from reviewing the materials in the record whether the exception upon which petitioner relies applied with respect to the section 6654 addition to tax for 1983. Accordingly, we reserved our decision regarding the appropriateness of summary judgment with respect to such addition to afford both parties an opportunity to set forth specific facts demonstrating the applicability or inapplicability of section 6654(h). The order of this Court dated January 3, 1990, which was issued in conjunction with our prior opinion provided in pertinent part that: However, we reserved our decision regarding the appropriateness of summary adjudication with respect to the section 6654 addition to tax for 1983 to afford petitioner an opportunity to *137 set forth facts demonstrating the applicability of section 6654(h), i.e., that: (1) petitioner's 1982 taxable year was a taxable year of 12 months; (2) petitioner did not have any tax liability for his 1982 taxable year; and (3) petitioner was a citizen of the United States throughout his 1982 taxable year. Respondent, on the other hand, will be afforded an opportunity to set forth facts demonstrating the inapplicability of this exception. Accordingly, it is * * * ORDERED that each party file with this Court and serve upon the other party on or before January 16, 1990, a document setting forth specific facts demonstrating the applicability or inapplicability of section 6654(h) for 1983. After due consideration of such documents the Court will rule upon the appropriateness of summary adjudication with respect to the section 6654 addition to tax for 1983. Each party should further understand that a failure to file the document ordered herein will be treated by this Court as a concession regarding the applicability or inapplicability of section 6654(h). *240 On January 11, 1990, respondent filed a supplement to his motion for summary judgment in which he asserts that *138 section 6654(h) is inapplicable because petitioner had a tax liability for 1982. To support his position, respondent attached to such supplement a copy of petitioner's joint Federal income tax return for 1982, which reflected a tax liability in the amount of $ 12,348. This indicates that at the time the return was filed petitioner viewed himself as having a tax liability for 1982. Petitioner failed to file any document with this Court within the time prescribed by the order dated January 3, 1990. However, respondent received a document from petitioner dated January 15, 1990. Respondent subsequently provided the Court with a copy of that document, which petitioner apparently prepared after a copy of our order was served upon him. On January 30, 1990, this Court directed a letter to petitioner informing him that an original of the document dated January 15, 1990, needed to be filed with the Court on or before February 7, 1990, if he intended for such document to serve as his response to our order. Petitioner did not file an original of the document dated January 15, 1990, but instead submitted an entirely different document, which was dated February 7, 1990. [3]
*139 Neither the document dated January 15, 1990, nor the document dated February 7, 1990, addresses the applicability of section 6654(h). Instead, petitioner used those documents to advance meritless tax protester arguments. Thus, petitioner failed to file a document setting forth specific facts demonstrating the applicability of section 6654(h) even though he was specifically ordered to do so. In the document dated February 7, 1990, petitioner stated that "I will not and did not make a response since I have withdrawn from Tax Court." Before resolving the issue at hand, we return to a point made in our prior opinion regarding the jurisdiction of this Court. In that connection, we noted previously that a notice of deficiency was issued to petitioner and that he invoked the jurisdiction of this Court by timely filing a petition. Apparently we also should have pointed out that a change of heart by petitioner does not deprive this Court of jurisdiction once invoked under the controlling statutes. As we stated in , affd. : "It is now a settled principle that a taxpayer may not unilaterally *140 oust the Tax Court from jurisdiction which, once invoked, remains unimpaired until it decides the controversy." Accordingly, we acquired jurisdiction to decide the issues in this case upon the filing of petitioner's petition. Now we turn back to the only issue which remains unresolved. Because he neither filed a document setting forth specific facts demonstrating the applicability of section 6654(h) nor advanced any reason for failing to do so, petitioner is deemed to have conceded the inapplicability of section 6654(h). Therefore, we hold that respondent is entitled to summary adjudication in his favor with respect to the section 6654 addition to tax for 1983. To reflect the foregoing, An appropriate order and decision will be entered . Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 6654(h) was redesignated as section 6654(e)(2) by the Tax Reform Act of 1984, Pub. L. 98-369, sec. 411, 98 Stat. 790.↩
3. Pursuant to an order of this Court dated February 15, 1990, a copy of petitioner's document dated January 15, 1990, a copy of the letter from this Court to petitioner dated January 30, 1990, and petitioner's document dated February 7, 1990, were filed together as petitioner's response to the order of this Court dated January 3, 1990.↩